AO 245D (Rev 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# United States District Court
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For **Revocation** of Probation or Supervised Release) |

Domingo Hernandez-Toledo

Case Number: CR401-00092-001

USM Number: 10681-021

Tracie Grove Smith
Defendant's Attorney

## THE DEFENDANT:

[X] admitted guilt to violation of <u>Special and Mandatory Conditions</u> of the term of supervision.
[ ] was found in violation of condition(s) _ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| 3 | The defendant, who is an alien and was subject to deportation, reentered the United States without permission of a duly authorized immigration official (special condition). | June 26, 2003 |

See Page 2 for Additional Violation

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X]  The defendant has not violated Mandatory Condition Numbers 1 and 2 and is discharged as to such violations condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No: None

Defendant's Date of Birth: December 20, 1978

July 28, 2008
Date of Imposition of Judgment

Signature of Judge

Defendant's Residence Address:
Federal Bureau of Prisons

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia
Name and Title of Judge

Defendant's Mailing Address:
Federal Bureau of Prisons

7-28-2008
Date

DEFENDANT: Domingo Hernandez-Toledo
CASE NUMBER: CR401-00092-001

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | The defendant committed another Federal, state, or local crime (mandatory condition). | January 21, 2004 |

DEFENDANT: Domingo Hernandez-Toledo
CASE NUMBER: CR401-00092-001

DEFENDANT: Domingo Hernandez-Toledo
CASE NUMBER: CR401-00092-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 20 months .

[X] The Court makes the following recommendations to the Bureau of Prisons:

The defendant be incarcerated at the Federal Correctional Institution in Estill, South Carolina.

The Court further recommends the defendant be deported as ordered in the District of South Carolina, Case Number 3:04-52-005, upon release from this custodial sentence.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district,

  [ ] at ___ [ ] a.m. [ ] p.m. on _____.
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [ ] before 2 p.m. on _____.
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

United States Marshal

By _____

Deputy United States Marshal

DEFENDANT: Domingo Hernandez-Toledo
CASE NUMBER: CR401-00092-001

## COURT'S FINDINGS

The Court, after hearing testimony, made findings on the record that Domingo Hernandez-Toledo appeared before the Court on September 5, 2001, and was sentenced after previously entering a plea of guilty to possession of document-making implements with the intent to produce false identification documents. He was sentenced to sixteen months custody, followed by a three-year term of supervised release. After service of his term of imprisonment, Hernandez-Toledo was released to the custody of the Immigration and Naturalization Service and deported to Mexico on May 2, 2002.

On January 21, 2004, Domingo Hernandez-Toledo, aka Ignancio Mederos Ruiz, was arrested with several codefendants by the Drug Enforcement Administration (DEA) and charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. The offender and his codefendants were held accountable for approximately two kilograms of powdered cocaine. On August 17, 2004, Domingo Hernandez-Toledo, aka Ignancio Mederos Ruiz, appeared in United States District Court in South Carolina, Case Number 3:04-52-005, and was sentenced after previously entering a plea of guilty to conspiracy to possess with intent to distribute cocaine. He was sentenced to sixty months custody, followed by a four-year term of supervised release. As a special condition of supervised release in this case, the offender was again ordered to be deported.

The defendant, through his attorney and a Spanish-speaking translator, has admitted and stipulated to Violation Numbers 3 and 4 of the Petition and Addendum for Warrant for Offender Under Supervision. Violation Numbers 1 and 2 are dismissed. The defendant apologized for his actions. The Court does not know if the defendant is truly sincere, but will take it as face value. Like many people who are deported, these individuals are found back in the United States working as agricultural workers. Attention comes to law enforcement regarding these individuals during traffic stops, DUI offenses, or minor infractions when they were not doing anything other than working. This is not the case with this defendant. He was arrested in North Carolina and South Carolina on serious drug charges. The conviction in Federal court in South Carolina is why the defendant is here today facing revocation of supervised release.

The government has recommended a sentence somewhere between the upper end of the guidelines, which is eighteen months and the statutory maximum term of imprisonment of twenty-four months. The Court agrees with the government but will give the defendant some consideration for stipulating to the violations. Therefore, the Court will depart from the recommended guideline range of twelve to eighteen months and sentence him to the custody of the Bureau of Prisons for a period of twenty months. The departure is based on the defendant being arrested and convicted on Federal drug charges. The Court would have certainly sentenced the defendant to twenty-four months custody if he had not stipulated to the violations. As ordered in the District of South Carolina, Case Number 3:04-52-005, the defendant is to be deported upon his release from custody.